Good morning, Your Honor. Good morning. My name is Andrew Peterson, and I represent the appellants C&C Verde LLC and Chris Conforti. All right, please proceed, Counsel. May it please the Court. This past weekend, I was reading one of Professor Kay Sunstein's recent books, and something he said in there resonated with this case. He writes that fundamentally, our legal system is there to prevent or take away unfair surprise. I don't always agree with Professor Sunstein, but unfair surprise is what we have faced here on multiple occasions. We're here asking for equitable relief. Can I just start with some sort of housekeeping issues? You didn't file an amended or second notice of appeal from the order denying reconsideration. Is that order before us? It is. It is, and we addressed that in our briefs. There is, under the federal rule, if you move under certain rules, you have to file an amended notice of appeal. But the motion for reconsideration, as noted by the trial court and noted in our brief, was just filed under the local rule. Well, the district court itself, didn't it construe that as a motion under Rule 60? And it's in the nature of a motion under Rule 60 or under 50. Reconsiderations are like 59 motions. It's like that, but we've — there is precedent that says it's not the same. It's not the same. What my circuit case says, then? I'm sorry? What my circuit case says, it's not the same. We've cited the case in our brief. I don't — I believe it was a district court case that talks about that. It may have been out of Nevada, Your Honor. Yeah, but of course that's not binding on us. No, it's not. But we moved under the local rule. The court acknowledged it under the local rule. And if you wanted to take it and say, now, well, let's put it under some other rule, and you should have filed an amended notice on the motion for reconsideration, I don't think that's fair. I think that's some of the unfair surprise. Well, but the converse — the converse problem, these lines have to be really clear, because the converse problem is a lot of people rely on those motions to delay doing the appeal from the original order. And that's why we have Brightline rules that we broadly construe all of these as being in the nature of reconsideration, so they told the time. But here you already filed a notice of appeal, and so if you wanted to bring up that order, you needed to file another one. No, that's the case we cited to the Court. On a motion for reconsideration just filed under the local rule, we do not have to file an amended notice of appeal. That's our position. Well, one converse question I have is once you file the notice of appeal, did the district court have jurisdiction to rule on the motion for reconsideration? That's a good question as well, Your Honor. Usually the notice of appeal divests the court of jurisdiction. We brought the motion for reconsideration because the court had just issued another order in this case. That surprised us when he doesn't even address the relief requested under Rule 60D3. Just doesn't address it. And so we're saying, wait, we still haven't had the opportunity to be heard on this. Well, counsel, what orders or parts of orders do you believe you have preserved so that we can go back and look at the record? I'm sorry, I didn't ask the question. What orders or parts of orders do you believe have been preserved for appeal so we can go back and... I believe all the orders have been preserved for appeal and on all issues because all of these issues were raised from the get-go. You've got to understand, in December of 2021, we're surprised when a constable shows up and says he has a judgment that he wants to collect from 2019. That was our first notice. When we get that notice, I'm contacted for the first time, alarms have gone off. What happened? What happened? And so we started looking. Was there service? We didn't even have a copy of the complaint at that point in time. Go back through the history of what the complaint said. We look at the lawsuit, and we're unfairly surprised there, too, because in the lawsuit upon which the default is based, Mr. Castro claims that he was paid $18.18 an hour and that he wasn't paid overtime. Mr. Castro was never paid those amounts. His hourly rate was significantly less than that, and we were able to locate records going back three years to try to find the ADP records that are independent records as to when he worked, when he clocked in, when he clocked out. We provide those records, and what do we find out? He was actually overpaid by about 65 hours. So what do you maintain as the standard of review? And if it's abuse of discretion, what's the abuse of discretion? I think there are so many issues here, and you have to look at the standard on each issue. Abuse of discretion, I think, comes into play when not considering our fraud on the court argument. And it's kind of a legal issue, too, as to that type of equitable relief. What does it mean to have fraud on the court? I think it's a legal issue as to what they did after we get the default judgment set aside, and then what they do is dismiss one of the parties and then ask for the court to reinstate the judgment. I think that's a legal error and an abuse of discretion. So that's another unfair surprise. So we get the default judgment set aside, great. We're going to have a case on the merits. We're going to decide this case not based on what we believe is a false affidavit filed on a default hearing, but we're going to get to present our case. And that's the equitable relief we're seeking here. We're not asking you to strike their complaint. We're asking you to let us have our day in court where we can present our evidence as to whether he was, how much he was paid, and whether he was underpaid. That is glossed over in all of this, including the response brief. That doesn't even address it. We were surprised. Excuse me, counsel. In order to do that, we'd have to set aside the default judgment and the default, correct? Correct. Okay. Right. And that's what the Rule 60D says, right? Well, but you said you didn't file under Rule 60B. I'm sorry? I thought you said you didn't file under Rule 60B. D. E? D, as in? Yeah, but did you file under Rule 60E? I thought you said you filed under the local rule. Rule 60D is we raised that argument from the beginning. We raised under 55, Rule 55, we raised it, asking for equitable relief. Under Rule 60, we raised it. And D as in dog. We raised those issues from the beginning. And that's why we were surprised when the court did not do it. It was by your position then. When Judge Collins asked you whether or not you had filed a separate notice of appeal for the motion for reconsideration, you said you didn't have to because you filed it under the local rule. So ---- Right. But that, that 60 ---- I'm sorry. Go ahead. That 60D relief was requested early on. It wasn't just asked for the first time on a motion for reconsideration. But was a motion under that rule filed? No. The rule that is the procedural rule that brings us in back into court on the motion for consideration is our local rule here on motions for reconsideration. And that's what we cited. And that's what the court referred to. We were also surprised in this case that the so-called culpability under Rule 55, that that somehow overwhelms everything else, any consideration of meritorious defense, any consideration of whether there's prejudice. And the court found that our clients were sophisticated. I represent a mechanic shop. He's anything but sophisticated. And there's really nothing in the record that shows he was sophisticated. He says he never got a copy of the lawsuit at all. They say they dropped it off at his house at the end of a driveway at a gate, a closed gate, and left it there, drop-served it, on Chris Conforti's wife. Chris never got it. And that's why it came as such a surprise in 2021, then, that the sheriff shows up wanting to take equipment from this mechanic shop to execute on a judgment that we knew nothing about that had been entered two and a half years earlier. And think about that. Why would somebody wait that long, unless you're waiting for time to pass so we don't get all those defenses that were otherwise available to us under Rule 55? Push it beyond that and then seek to collect. We were surprised that the judge, on the reconsideration request, said that, well, the 60D3 was implied, was implicitly ruled upon in the prior rulings. How do you implied or implicitly rule on a 60D motion? That was a surprise. We were surprised to see that there are actually duplicative costs in the judgment and the separate judgment for attorneys' fees and costs. They claim the same costs twice, and they were awarded those costs twice. All right, Counsel, you've exceeded your time. I've got 20 seconds. No, you don't. When it's in the red, you've exceeded your time. Oh, okay. Thank you, Counsel. All right, thank you. We'll give you a minute for rebuttal. All right, thank you. Good morning. I may please the Court. My name is James Weiler. I represent the plaintiff, Patrick Castro, in this matter. Would you mind starting by addressing the argument your opposing counsel just made about duplicate costs? Are there $5,108 in excess costs that need to be revisited? No. The error that came up, there was a duplication of, I believe, $686. So in the initial motion for default judgment, there was an inclusion of both the estimate of his hours worked and failure to pay overtime as well as a court cost that was included in that, which was awarded in the initial default judgment and admitted error when we went to file our attorney's fee application shortly thereafter. We included the attorney's fees and those approximately $600 in court costs, and that was the duplicative error that we acknowledge and would certainly, if the Court would like to issue a revision to that order to remove that, we would have no objection. What's your response to opposing counsel's response to the question of the motion for reconsideration and whether or not that's properly before us? Our position is that it's not, that he filed this notice of appeal before that order was issued and didn't amend or change the notice of appeal, and based upon federal rules of appellate procedure, we believe that he needed to amend that notice in order to properly bring that before the Court. Did the district court have jurisdiction to rule on the motion, or once the notice of appeal, did he lose jurisdiction? And just for clarification, referring to the motion for reconsideration, the motion to reconsider is a motion to take another look at the things that have been decided. He then files a notice of appeal from the judgment that decided everything. Doesn't that sort of take up the substance of everything and divest the district court of jurisdiction and do anything? And at that point, you just should have denied it on the grounds that the notice of appeal had been filed. I guess I wouldn't disagree with that interpretation. I was asking for a clarification because there were two back-to-back motions for reconsideration, just to make sure we were talking about the same one. Right. But the prior motion for reconsideration led to the entry of a judgment. Correct. And that, then, was the subject of a further motion for reconsideration. And then there was a notice of appeal directed at the judgment. That's correct. Which takes the whole case up, and he's at that point, he lost authority to do anything on the merits, which was what was in the motion for reconsideration. Correct. On the second motion for reconsideration, where he denied the appellants. Correct. The post-reinstated judgment motion for reconsideration. Yes. And so, yes, our position would be that, yes, he wouldn't have had, you know, the authority to rule on that with an appeal pending, and also that this appellate court shouldn't be addressing that second motion for reconsideration. So then the question is the reinstated judgment and the orders that merged into that was whether that judgment was properly entered. Yes. And it is appellee's position that the judges did not abuse their discretion in coming to those decisions. The appellant has tried to make this what was once a meritorious defense argument, and when that wasn't successful, evolved it into a fraud on the court type of argument. But if the meritorious defense wasn't persuasive, they're certainly not going to prevail on an even heightened burden of a fraud on the court, because plaintiff made an estimate of hours without having all of his pay stubs, without having his clock in or clock out. Under his understanding of the — of his hours worked, he was getting paid $1,000 for 50 hours. But the reinstatement was due to the voluntary dismissal of the remaining defendant who had not defaulted. Is that correct? That is correct. So why isn't that just a gaming of the system in a way that evades our precedent, that says when you've sued multiple defendants and only a subset have defaulted, you don't get a default judgment because there's others as to whom the merits can be litigated. You then forfeited the merits against those people precisely so that you could win the suit without litigating it by reinstating it. Why is that a gamesmanship that we should tolerate as being within the policy and the — that's reflected in our case law here?  I guess I would argue for efficiency's sake. This is joint and several liability. It doesn't change the culpability of the defendants as a whole. There were three defendants, one the company itself and two of the owners. And one of the owners and the company were found to be culpable for evading service. And so when the third individual, which is a duplicative individual of the other owner and the company itself, is dismissed, it doesn't seem efficient. It doesn't seem fair to the plaintiff to then have to move forward to basically have a default judgment that's been vacated. They've spent a year and a half attempting to collect the judgment to now have what we would argue is gamesmanship on behalf of the appellants to try to set aside a default after a sheriff shows up to start the collections process. And so I don't think it is this — it is the type of gamesmanship that the law would preclude. I think — It seems like the rule you're advocating would go broader and would render all of these bad facts you've just recounted irrelevant. So if you filed against — a plaintiff files against four defendants and one of them defaults and three of them don't, and the one who defaults happens to have sufficient assets, under your view you can just dismiss with prejudice the other three and then collect everything on the default and the court should just go along with that? Essentially, yes, because they had the opportunity to respond to the complaint. Even though our case law says that in a multi-defending case where not everyone defaults, the case should proceed on the merits. And those are particularly in instances where there are defendants who understood their — not just understood, but weren't evading service, weren't purposefully not responding, so they're actively defending the case. I don't see why your view of the misconduct that led to the defaults or that makes them culpable is relevant to this rule of whether, once it's all set aside under our rule that in a mixed-defendant case you can't get the default, why you should then be allowed to reconfigure the case to sort of get back to a non-merits disposition? Because ultimately there's not a rule that would preclude that. The defendant had not filed an answer at that point, so under the rules we were free to file a dismissal of that complaint. And then at that point you look at the complaint as it is with the defendants that are currently in the action, and the appropriate decision then, which was made by the district court, would be to reinstate the default judgment as there's no longer a threat of a potential inconsistent judgment. And I think that rule is there to prevent the harm that can be caused when there is an individual that is actively defending against the case who could potentially prevail and demonstrate that there was no merit to that case from having an inconsistent judgment from those that were defaulted. So here, in this particular instance, there would be no risk of that. And the plaintiff, as per the rules and as a matter of rightness ---- Sotomayor, which is recognized in the case law, is the policy that disputes should be decided on their merits. And, you know, that's the idea that if it's a mixed defending case, you're going to have to litigate it against one of the defendants, and we should find out in that litigation whether the claims have merit. But you just short-circuited that by dismissing that defendant out and then saying, well, now I get the default again. I guess I would counter that argument by saying at any point during any case, right, I would always, as a plaintiff, have the option to seek to remove, dismiss or settle with someone based upon the strengths or weaknesses of the claims against that individual. And so the plaintiff has the ability to control up, you know, within the limits of civil procedure, right, to control who they're pursuing a claim against and if they wish to seek a dismissal of those claims at any point. You know, obviously pending, you know, approval of the court after an answer has been filed. But in this case, an answer has not been filed. And so, therefore, under the rules, the plaintiff has the right to dismiss the  And I think in the spirit of efficiency and avoiding and attempting to avoid generating further costs and ongoing litigation, this would be the most prudent move to allow us to dismiss the defendant that has not, that was deemed to not have been served and reenter the default judgments against those that were found to be culpable and who, whose wife called the police on the process server to then have that left on their doorstep, not just randomly at a gate as suggested by the appellant. And I see my time has expired. Thank you. Thank you, counsel. I have one minute for rebuttal. Thank you. We didn't evade service. Chris Conforti wasn't even home when this allegedly served. Was his wife home? She was. Chris was not living there at the time. I mean, Chris was not there. Was the process server aware of that? His wife told him. Told him that Nick Conforti didn't live there. And also said, look at the affidavit, that Chris Conforti wasn't living there. Going back to the lack of jurisdiction, I think that's an issue here. Because they did not, on this rule 7.2G reconsideration, perhaps the court didn't even have jurisdiction to look at that. We asked it to do so under the local rule. And it's not a Nevada case. Are you representing to the court that his wife never informed him that service was attempted? Correct. And I misspoke. So at what point, at what point did he become aware that his wife had was served, that service attempt was made on his wife? At what point did he become aware of that? We became aware of that when the constable showed up asking to seize equipment. Then we figured out, what is this about? What is this complaint about? What happened? And that's when I got involved to have it set aside. And then you asked, who asked the wife? How did it get to the point where you found out that there was an attempted service? I asked to speak with the wife and she does not respond to me. Well, so how did you find out that service was attempted on the wife? Because the attached certificate of service that was attached at the time of the filing. Well, how do you know what the wife told the process service? It's in there. It's in there. I misspoke. It's not a Nevada case. It's a Kaufman versus Warner Brothers case that says that it's a district case here that a motion under local rule 7.2 G is not one of the enumerated motions in FRAP 4. All right. All right. Thank you. Thank you, counsel. Thank you to both counsel.
judges: RAWLINSON, COLLINS, Fitzwater